IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRAYDEN B.,[1]                                                No. 3:20-cv-1963-MO

               Plaintiff,                          OPINION & ORDER

    v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

               Defendant.

MOSMAN, District Judge:

      This matter comes before me on Plaintiff Brayden B.'s Complaint [ECF 1] against

Defendant Commissioner of the Social Security Administration. For the reasons given below, I

REVERSE the Commissioner's decision and REMAND this case with instructions to properly

consider Plaintiff's testimony about chronic urticaria and pain and the opinion of Nurse

Practitioner Washburn.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of
the nongovernmental party in this case.

1 – OPINION & ORDER

## PROCEDURAL BACKGROUND

On August 13, 2018, Plaintiff applied for Disability Insurance Benefits ("DIB") under
Title II of the Social Security Act, alleging disability beginning September 15, 2017. Tr. 26. The
Social Security Administration ("SSA") denied his claim initially, and upon reconsideration. Tr.
26. Plaintiff appealed, and the Appeals Council concluded that the ALJ's failure to address each
of the medical opinions identified by Plaintiff's counsel constituted legal error and remanded the
case for further proceedings. Tr. 26. Plaintiff appeared with counsel before Administrative Law
Judge ("ALJ") Cynthia Rosa for a second hearing on June 15, 2020. Tr. 50-80. On July 2, 2020,
the ALJ issued a decision denying Plaintiff's claims for benefits. Tr. 23-49. Plaintiff filed an
appeal, and the Appeals Council denied review. Tr. 1-7.

## THE ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity
since September 15, 2017, the alleged onset date. Tr. 29. At step two, the ALJ found the
following severe, medically determinable impairments: mild degenerative disc disease of the
thoracic spine; idiopathic urticaria; asthma; headaches; post-traumatic stress disorder (PTSD),
mild major depressive disorder, and anxiety disorder. Tr. 29. At step three, the ALJ found no
impairments that met or equaled the severity of any impairment listed in 20 C.F.R. Part 404,
Subpart P, Appendix 1. Tr. 30. The ALJ assessed Plaintiff's residual functional capacity
("RFC"), as follows:

> to perform medium work as defined in 20 CFR 404.1567(c) except he can
> occasionally climb ropes, ladders or scaffolds; he can have no public contact; can
> have occasional, superficial contact with coworkers; no teamwork; he should
> avoid even moderate exposure to extreme heat and should avoid concentrated
> exposure to fumes, gases, dust, odors, other pulmonary irritants, and hazards.

Tr. 32.

At step four, the ALJ determined that Plaintiff was incapable of performing any past relevant work. Tr. 41. At step five, the ALJ found that Plaintiff retained the ability to perform other jobs in the national economy, such as Hand Packager, Courtesy Clerk, Routing Clerk, and Mail Room Clerk. Tr. 42. The ALJ therefore found Plaintiff not disabled from the alleged onset date of September 15, 2017, through July 2, 2020, the date of the ALJ's unfavorable decision. Tr. 49.

## LEGAL STANDARD

Courts must uphold the ALJ's decision if it "was supported by substantial evidence and based on proper legal standards." *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). "Substantial evidence is "more than a mere scintilla," and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1150 (2019) (internal quotation marks omitted). When "evidence is susceptible of more than one rational interpretation ... the ALJ's conclusion ... must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Errors in the ALJ's decision do not warrant reversal if they are harmless. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

## DISCUSSION

Plaintiff raises two primary issues with the ALJ's decision. First, he contends that the ALJ unreasonably discounted his symptom testimony about cholinergic urticaria without clear and convincing reasons for doing so. And second, he argues the ALJ incorrectly evaluated the medical evidence. I address each issue in turn.

I.    **Subjective Symptom Testimony**

The ALJ is responsible for evaluating symptom testimony. SSR 16-3p, 2017 WL 5180304, at *1 (Oct. 25, 2017). The ALJ engages in a two-step analysis for subjective symptom

evaluation. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (superseded on other grounds). First, the ALJ determines whether there is "objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (internal quotations omitted). Second, "if the claimant has presented such evidence, and there is no evidence of malingering, then the ALJ must give specific, clear and convincing reasons in order to reject the claimant's testimony about the severity of the symptoms." *Id.* (internal quotations omitted).

When evaluating subjective symptom testimony, "[g]eneral findings are insufficient." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). "An ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). Instead, "the ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195 (9th Cir. 2001); *see also Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discount the claimant's testimony.").

Plaintiff challenges the ALJ's decision to discount his testimony about his painful skin condition, diagnosed since 2015 as cholinergic urticaria. At the hearing, Plaintiff testified that he "need[s] a temperature of 64 degrees or below in order to not break out constantly in painful hives." Tr. 57. As an example, he described an interview at Keen Footwear, where he had a breakout and "had to admit that it wasn't going to be a workplace that I was going to be able to even go." Tr. 57. Plaintiff related how it was difficult for him to do any activity outside the

home. For example, he described attending in-person AA meetings, where he would take a spray

bottle and a fan to stave off my symptoms, and when he became reactive would return home to

treat his hives with a cold shower and medication. Tr. 59. Likewise, when he tried going to the

gym, he "broke out nearly every single time," and now only exercises on a treadmill at home,

where he "make[s] it about three quarters of a mile before [he] ha[s] to jump off and either put

ice packs on [his] body or jump in a cold shower." Tr. 59. Plaintiff described the hives flares as

lasting "30 minutes to an hour," and causing significant pain and anxiety. Tr. 62.

The ALJ found Plaintiff's medically determinable impairments could reasonably be

expected to cause the alleged symptoms and did not identify evidence of malingering. Tr. 33.

However, the ALJ concluded that Plaintiff's statements concerning the intensity, persistence and

limiting effects of his symptoms were not entirely consistent with the medical evidence and other

evidence in the record. Tr. 33. Specifically, the ALJ found Plaintiff's allegations about painful

flares of cholinergic urticaria were inconsistent with the objective medical evidence, and that

Plaintiff's conditions improved with treatment. Tr. 34.[2]

*A. Objective Medical Evidence*

The ALJ is instructed to evaluate objective evidence in considering a claimant's symptom

allegations. 20 C.F.R. § 416.929(c)(2) ("Objective medical evidence ... is a useful indicator to

assist us in making reasonable conclusions about the intensity and persistence of your

---

[2] Defendant also argues the ALJ discounted Plaintiff's symptom testimony about his urticaria flare-ups for other reasons, such as Plaintiff's daily activities, alleged improvement with treatment, or alleged medication non-compliance. Def. Br., ECF No. 22 at 3. Even if this were a convincing reason, the Court considers only those reasons relied upon by the ALJ, not defendant's post hoc rationalizations. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (stating the court "is constrained to review the reasons the ALJ asserts"). Because these other rationales were not part of the ALJ's analysis, the court need not reach whether it would be a sufficiently clear and convincing reason to discount Plaintiff's testimony.

symptoms[.]"). Indeed, "[w]hen objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022)(emphasis in original); s*ee also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (affirming the ALJ's credibility finding when the plaintiff's testimony of weight fluctuation was inconsistent with the medical record).

The ALJ failed to provide a clear and convincing rationale, supported by substantial evidence, when she found a "lack of regularly observed flares on exam" undermined Plaintiff's testimony that his cholinergic urticaria flare-ups would make him totally unable to work. Conflict with objective medical evidence can be a sufficient basis for discounting a claimant's testimony. *Smartt*, 53 F.4th at 498; 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). At the hearing, Plaintiff testified that he couldn't work because any environment over 64 degrees would cause a severe and painful flare up of his skin condition, cholinergic urticaria. Tr. 37. The medical records that the ALJ relied on to discount this testimony do not suggest such flare-ups don't, or won't occur. Specifically, the ALJ cited seven acupuncture notes from October 27 to December 12, 2018, which note that Plaintiff "continue[s] to work on hives. [D]oing well." Tr. 819-822. The ALJ cited an eighth appointment where Plaintiff "[d]idn't have hives for 3 days in a row and then skipped a day. Woke up with head to toe P[ai]n in morning. Hives on feet." Tr. 822. While the ALJ cited these sporadic notes where Plaintiff was doing well, she omits the many notes from the same time period showing Plaintiff's "[h]ives have recently been happening almost daily and have become more painful," Tr. 883, and "[f]requent urticaria outbreaks that cause Pn on arms, shoulders back feet. Sometimes head. Keeps him from sleeping." Tr. 878. Such cycles of waxing and waning symptoms are common, and are not a sufficient basis to find a Plaintiff's testimony unreliably. *See Garrison v. Colvin*, 759 F.3d 995, 1036 (9th Cir. 2014) (noting that

cycles of improvement followed by worsening symptoms are a common occurrence, not a basis

for concluding a claimant is capable of working). In sum, when viewed in the context of the

entire record, the ALJ improperly cherry-picked cycles of improvement as a reason to reject

Plaintiff's subjective symptom testimony about urticaria. This was therefore not a clear and

convincing reason for the ALJ to discount Plaintiff's symptom testimony.

B.      *Improvement with Treatment*

An ALJ may reject a claimant's symptom testimony if that testimony is contradicted by

evidence in the medical record. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161

(9th Cir. 2008). If the record shows a claimant's symptoms have improved with treatment, that

improvement is "an important indicator of the intensity and persistence of ... symptoms." 20

C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). The Ninth Circuit has held that "evidence of medical

treatment successfully relieving symptoms can undermine a claim of disability." *Wellington v.*

*Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017). Additionally, an ALJ may consider a claimant's

unexplained or inadequately explained failure to follow a prescribed course of treatment.

*Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008).

The ALJ also discounted Plaintiff's testimony about urticaria because his response to

treatment was inconsistent with his allegations, but her conclusion is not supported by substantial

evidence. Tr. 34. Since 2015, Plaintiff has experienced frequent flares of intense pain as a result

of his autoimmune diseases, specifically urticaria. The ALJ cited records that "acupuncture and

Lyrica have been helpful in reducing his symptoms," but identifies no treatment that prevents the

flares or allows him to work. The records the ALJ cited show that the hives can be sporadically

controlled with these treatments, but with no lasting effect. Tr. 34. At several appointments the

ALJ relied upon Plaintiff had "no skin lesions, hives, or rashes," but crucially, Plaintiff's

7 – OPINION & ORDER

condition causes him debilitating pain even when he does not break out. Tr. 1042. Indeed, the

most recent examination of Plaintiff's condition shows painful flares without hives or rashes, and

which happened after minimal exertion and body temperature rise—exactly in line with

Plaintiff's hearing testimony. Tr. 20. This is therefore not a clear and convincing reason to reject

Plaintiff's testimony either, and the Court reverses the ALJ's decision to discount this portion of

Plaintiff's testimony.

## II.    Medical Opinion Evidence

Plaintiff argues the ALJ failed to provide legally sufficient reasons for finding the

opinions of Dr. Heuser and Nurse Practitioner Kelly Washburn unpersuasive. For claims filed on

or after March 27, 2017, ALJs are no longer required to give deference to any medical opinion,

including treating source opinions. Rules Regarding the Evaluation of Medical Evidence, 2017

WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. Instead,

the agency considers several factors. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). These are:

supportability, consistency, relationship to the claimant, specialization, and "other factors." 20

C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). The "most important" factors in the

evaluation process are supportability and consistency. 20 C.F.R. §§ 404.1520c(b)(2),

416.920c(b)(2).

Under this framework, the ALJ must "articulate . . . how persuasive [they] find all of the

medical opinions" from each doctor or other source. 20 C.F.R. §§ 404.1520c(b), 416.920c(b)(2).

In doing so, the ALJ is required to explain how supportability and consistency were considered

and may explain how the other factors were considered. 20 C.F.R §§ 404.1520c(b)(2),

416.920c(b)(2). When two or more medical opinions or prior administrative findings "about the

same issue are both equally well-supported . . . and consistent with the record . . . but are not

8 – OPINION & ORDER

exactly the same," the ALJ is required to explain how the other factors were considered. 20

C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3). "Even under the new regulations, an ALJ cannot

reject an examining or treating doctor's opinion as unsupported or inconsistent without providing

an explanation supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th

Cir. 2022).

  *A. Dr. Heuser*

  Plaintiff was hospitalized under the care of Dr. Heuser in 2020 due to several

autoimmune skin disorders. Specifically, he was suffering from acute cellulitis, which was

complicated by "contact dermatitis vs dyshidrotic eczema a week prior [to the hospitalization]."

Tr. 1192. Dr. Heuser noted that Plaintiff needed to consult with specialist upon discharge "as he

is failing aggressive histamine blockade." Tr. 1192. She went on to note the seriousness of

Plaintiff's condition given that he suffers from a constellation of autoimmune disorders, which

are internally reinforcing and represent "a very allergic/atopic phenotype." Tr. 1192. Finally, Dr.

Heuser opined that "[h]is chronic urticaria and hand dermatitis keep him from working or living

any semblance of a normal life." Tr. 1192. Plaintiff argues the ALJ erred because she failed to

address Dr. Heuser's medical opinion that he was unable to work due to his chronic urticaria.

  The ALJ did not err by failing to address Dr. Heuser's opinion that Plaintiff would be

unable to work due to his urticaria because this was not a "medical opinion" requiring individual

analysis. The regulations for claims filed after March 27, 2017 define a "medical opinion" as "a

statement from a medical source about what you can still do despite your impairment(s)." 20

C.F.R. § 404.1513(a)(2)(i)-(iv). "Opinions on some issues ... are not medical opinions," such as

medical providers' conclusions that you are "disabled' or 'unable to work,'" which are "issues

reserved to the Commissioner." 20 C.F.R. §§ 404.1527(d)(1-3). An ALJ need not provide

analysis if the evidence is "neither valuable nor persuasive to the issue," such as "statements on issues reserved to the Commissioner." 20 C.F.R § 416.920b(c)(1)-(2). To merit consideration, the medical provider's opinion must discuss both a claimant's limitations and "what [the claimant] is still capable of doing despite those limitations." *Rodin v. Comm'r of Soc. Sec.*, 2023 WL 3293423, at *15 (E.D. Cal. May 5, 2023). Dr. Heuser's opinion does not qualify because she did not provide any description of what Plaintiff could still do despite his urticaria. Tr. 1192. Nothing in the record or Plaintiff's briefing shows where Dr. Heuser identified what Plaintiff can do despite his limitations; the sum total of the opinion is that his urticaria and dermatitis "keep him from working." Tr. 1192. Because that is not a "medical opinion" that requires independent analysis under the regulations, the Court finds the ALJ did not err by failing to analyze Dr. Heuser's opinion.

> B.      *NP Kelly Washburn*

Several months after the functional capacity evaluation and June 2020 hearing, Plaintiff's primary care provider Kelly Washburn, ARNP, offered a statement of medical opinion. The September 2020 statement provides, in part, that:

> Due to his conditions, [Plaintiff] requires at-will breaks which would occur in addition to standard work breaks. Additionally, he requires a workspace where the temperature is maintained at 64 degrees or cooler. My medical opinion regarding the temperature limitation is based on the functional capacity evaluation, my observations and the observation of [Plaintiff] and his wife.

Tr. 12-13.

Typically, under 42 U.S.C. § 405(g), to remand a case in light of new evidence, "the court examines both whether the new evidence is material to a disability determination and whether a claimant has shown good cause for having failed to present the new evidence to the ALJ earlier." *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001). "To be material under

section 405(g), the new evidence must bear 'directly and substantially' on the matter in dispute." *Id.* (citation omitted). The plaintiff "must additionally demonstrate that there is a 'reasonable possibility' that the new evidence would have changed the outcome of the administrative hearing." *Id.* Good cause is demonstrated by showing that the new evidence was unavailable earlier. *Id.* at 463. However, "[a] claimant does not meet the good cause requirement by merely obtaining a more favorable report once his or her claim has been denied." *Id.* "The claimant must also establish good cause for not having sought the expert's opinion earlier."[2] *Id.*

Here, the Court need not decide whether NP Washburn's opinion constitutes new evidence sufficient to remand the case pursuant to 42 U.S.C. § 405(g), because the court is remanding the case on other grounds. When reversing and remanding an ALJ's decision, new evidence may be considered by the ALJ in the first instance on remand." *See, e.g., Baker v. Colvin*, 2016 WL 5869944, at *4 (N.D. Cal. Oct. 7, 2016) (also noting that "[u]nder well-established case law, evidence dated after an ALJ's decision can still be related to the period before the ALJ's decision."). Because the Court is already remanding this case for the ALJ to properly consider Plaintiff's subjective symptom testimony, the ALJ should consider NP Washburn's September 2020 medical opinion on remand as well.

**CONCLUSION**

For the reasons given above, I REVERSE the Commissioner's decision and REMAND this case for further proceedings. Specifically, the ALJ should identify adequate bases to discount Plaintiff's testimony about the pain and limitations caused by his chronic urticaria. If there is none, then the ALJ should incorporate these limitations into the RFC. The ALJ should also consider NP Washburn's September 2, 2020 medical opinion.

IT IS SO ORDERED.

DATED:___8/30/2023_____.

_Michael W. Mosman_____
MICHAEL W. MOSMAN
United States District Judge